IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
(SPRINGFIELD SOUTHERN DIVISION)

| | | | |
|---|---|---|---|
| JENNIFER BUMETER, | ) | | |
| | ) | | |
| and | ) | | |
| | ) | | |
| ERIC MEIER, | ) | Federal Cause No.: | 6:23-cv-03015-BCW |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| MACO MANAGEMENT CO., INC., | ) | | |
| | ) | | |
| and | ) | | |
| | ) | | |
| SUMMERSVILLE ESTATES, L.P., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

COME NOW, Plaintiffs JENNIFER BUMETER and ERIC MEIER (collectively, "Plaintiffs"), by and through their undersigned counsel, and for their Memorandum in Support of their Motion to Remand Action to State Court, state as follows:

### BACKGROUND

Ms. Robin Rose Fischer ("Decedent") was a resident at Summersville Estates from July 1, 2016, until her untimely death on June 27, 2021. On June 27, 2021, Decedent's neighbors of the decedent called 911 and alerted authorities to the presence of smoke and a potential fire in Decedent's apartment. Unfortunately, Decedent succumbed to and died as a result of the presence of heavy smoke in her apartment unit.

Neither of the incident reports from the Summersville Police Department or Fire and Rescue Department make mention of smoke detectors or any similar alarms being triggered or

sounding from any apartment at Summersville Estates. One report states that detectors were present, but their power supply and operation could not be determined.

Subsequently, on November 9, 2021, Plaintiffs, Decedent's children and only beneficiaries, filed a petition ("Petition") against Defendants Maco Management Co., Inc. ("Defendant Maco"), and Summersville Estates L.P. ("Defendant Summersville") (collectively, "Defendants") with the Circuit Court of Texas County, State of Missouri, bearing Cause Number 21TE-CC00360. On December 21, 2022, Plaintiffs filed a Motion for Leave to Filed Second Amended Petition.

In their Second Amended Petition, Plaintiffs allege Negligence Per Se pursuant to 7 CFR § 3560 against Defendant Maco (Count I), Wrongful Death against Defendants pursuant to RSMo § 537.080 (Counts II and III), and pleading in the alternative to Counts I, II, and III, Negligent Hiring by Defendants (Count IV). The Texas County District Court granted Plaintiffs' Motion for Leave and granted Defendants 30 days to Respond.

Following the filing of Plaintiffs' Second Amended Petition, Defendants filed a Notice of Removal seeking to remove this case from the Circuit Court of Texas County, State of Missouri, to this Court. On February 6, 2023 Plaintiffs filed a 3rd Amended Complaint as permitted by rule 15(a.)(1)(B).  Now plaintiffs seek remand to State court. A motion to remand for lack of federal question subject matter jurisdiction may be filed at any time. *See* 28 U.S.C. § 1447(c) (requiring remand for lack of subject matter jurisdiction "at any time before judgment").

**LEGAL STANDARD FOR REMOVAL**

A claim originally filed in state court may only be removed to federal court if the case could have been filed in federal court originally. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 106 S.Ct. 3229, 92 L.Ed.2d 318 (1986).  Because "Federal Courts are courts of limited

jurisdiction," they "may not proceed without requisite jurisdiction" and, therefore, must "constantly examine the basis of jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256-257 (2013). "Determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L.Ed.2d 318 (1987).

The party who invokes jurisdiction bears the burden of proving that all jurisdictional prerequisites are satisfied. *See Hartridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *Manning v. Wal-Mart Stores E., Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004). Further, "a district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

A civil action filed in state court may be removed to federal court if it 'arises under' the laws of the United States. 28 U.S.C. 1331 and 1441(b). Whether a claim 'arises under' federal law must be determined by reference to the well pleaded-complaint rule. Defendants Maco Management Co., Inc. ("Maco") and Summersville Estates, L.P. ("Summersville") (collectively, "Defendants") state that removal is proper under 28 U.S.C. § 1331. An action 'arises under' federal law within the meaning of 28 U.S.C. § 1331 if either: (1) federal law creates the cause of action, or (2) the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

*In Grable &Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* the United States Supreme Court articulated an exception to the well pleaded complaint rule. 545 U.S. 308, 125 S. Ct. 2363, 162 L.Ed.257 (2005). There, the Court required inquiry into whether "a state law claim necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal form may entertain

without disturbing any congressionally approved balance of federal and state judicial responsibilities". *Id.,* at 314. Despite this additional inquiry to create federal jurisdiction, the Court stated the mere need to apply federal law in a state-law claim will not open the "arising under" door. *Id.,* at 313.

Under these principles, this case should be remanded as it was improperly removed.

### REMOVAL OF THIS MATTER WAS IMPROPER

In *Gunn* supra, the Supreme Court found that even though the state court was required to answer a question concerning patent law to resolve the claim, their answer would present no broader effects on federal law. *Gunn,* 568 U.S. at 264. The state court's decision was not binding precedent on future patent claims; accordingly, there was no "serious federal interest in claiming the advantages thought to be inherent in a federal forum. *Id*., at 264-265. Similarly, here, any decision by a Missouri state court on the pleaded issue of negligence per se will not result in binding precedent in the future.

A state claim is only preempted by federal law when it involves an area that has been expressly or impliedly preempted. See *Williams v. Bayer Corp*., 541 S.W.3d 594 (Mo. Ct. App. 2017). In *Bayer*, the gravamen of plaintiff's negligence per se claim was Bayer's alleged violation of federal law through its failure to inform the FDA of adverse reports. *Id*., at 605. The claim did not set forth requirements "different from, or in addition to," those set by federal regulations; rather, the claim alleged a failure to adhere to such requirements. *Id*. Here, the same is true. Plaintiffs' claims against Defendants are not "different from, or in addition to" 7 CFR § 3560; Plaintiffs simply allege a failure to adhere to the requirements set forth by the CFR.

State courts apply federal regulations to standard state court negligence claims all the time. see *Payne v. Cornhusker Motor Lines, Inc.* 177 S.W.3d 820, 837-838 (Mo. App. 2005). Since

*Grable*, the Supreme Court held that matters which properly merit federal jurisdiction under *Grable*[1] will be extremely **rare**. *Empire Healthchoice Assur., Inc. v. McVeigh,* 126 S. Ct. 2121, 2137, 165 L. Ed. 2d 131 (2006). The mere presence of a federal issue does not automatically confer federal question jurisdiction. *Merrell Dow,* 478 U.S. at 813. This Court should not construe Plaintiff's reference to a CFR in relation to a standard of care as creating "substantial questions of federal law" which would confer jurisdiction on this Court.

## ARGUMENT

**I.    There is No Federal Question Jurisdiction in this Case Under 28 U.S.C. § 1331.**

In this case, Plaintiffs' claim for relief in Count I does not give rise to a federal question because there is neither a substantial, disputed question of federal law nor does the referenced CFR create a private cause of action. Therefore, federal question jurisdiction is absent, and this Court should remand this case back to the Circuit Court of Texas County, State of Missouri.

**A.  There is no substantial, disputed question of federal law present.**

There is a long-settled understanding that the mere existence of a federal issue in a state cause of action does not automatically grant federal-question jurisdiction. *See e.g., Gully v. First National Bank*, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that federal law is the basis of the suit"); *Merrell Dow*, 478 U.S. at 809 (citing *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 470 (1957) (Frankfurter, J., dissenting) (posing the "litigation provoking problem"—the presence of a federal issue in a state-created cause of action)).

"Even if plaintiff is referring to a federal instead of state regulation, the mere reference to a set of federal regulations in a state-law claim is not sufficient to create federal question jurisdiction." *Kennedy v. Commercial Bank*, 2012 WL 639014, (E.D. Mo. Feb. 27, 2012) (citing

---

[1] *"Grable* presented a nearly pure issue of law, the resolution of which would establish a rule applicable to numerous tax sale cases." *McVeigh*, 126 S.Ct. 2121, at 2126.

*I.S. v. Washington University*, 2011 WL 2433585, (E.D. Mo. Jun. 14, 2011) (no federal question jurisdiction where state law claim for negligence per se referred to HIPAA statute). Plaintiffs merely reference 7 CFR § 3560 in their state law claim for negligence *per se*. Such reference is not sufficient to create federal question jurisdiction.

Here, Plaintiffs' state claims do not raise any compelling federal interest nor is a substantial federal question presented.

**B. There is no federal private cause of action under 7 CFR § 3560.**

Where an element of a state cause of action alleges a violation of a federal statute and Congress has determined that there exists no private, federal cause of action for the alleged violation, it necessarily does not state a claim "arising under the Constitution, laws, or treaties of the United States." *Merrell Dow*, 478 U.S. at 817. Nowhere in 7 CFR § 3560 does Congress create a private cause of action for personal injuries or property damage resulting from the negligence of management and/or the property owner.

Defendants rely on *Grable*, asserting that because Plaintiffs' claims implicate a standard set by 7 CFR § 3560, they necessarily raise a stated federal issue. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005). There is no private federal cause of action for violations of 7 CFR § 3560[2] and Plaintiffs do not bring their purely state law claim because of any violations of the same. While Defendants have, indeed, violated 7 CFR § 3560, Plaintiffs' claim for negligence *per se* is brought against Defendant Maco under Missouri law because of Ms. Sims' acts and omissions, which are directly chargeable to Defendant Maco under Missouri law pursuant to *respondeat superior*. The duties owed to Decedent by Ms. Sims, and which Ms. Sims breached, were created by contract via lease, which would be interpreted by

---

[2] As Defendants readily admit in their Motion to Dismiss.

Missouri law. In *West v. A & S Helicopters,* Judge Laughrey made clear: "This case is a negligence action that **references federal law to establish the standard of care**, but the focus of the dispute will be on whether there are sufficient facts to show that the standard of care has been violated, **like the run of the mill tort cases that are traditionally heard in state courts**." 751 F. Supp. 2d 1104 (W.D. Mo. 2010) (emphasis added).

In *West,* which shares extreme similarities to the case at bar, this Court held entertaining the suit in a federal forum based on federal question jurisdiction would disturb the "balance of federal and state judicial responsibilities," and, as such, determined this Court lacked federal questions jurisdiction. 751 F. Supp. 2d 1104, 1108-09 (W.D. Mo. 2010). The same finding should be made here.

## II.    No Federal Jurisdiction Exists in this Case Under 28 U.S.C. § 1337.

Defendants state that removal is proper under 28 U.S.C. § 1337. The applicable part of the statute reads: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Again, Plaintiffs do not bring any claim to enforce "any Act of Congress." Rather, Plaintiffs have brought an action under Missouri common law alleging Negligence Per Se against Defendant Maco. Plaintiffs' claims are only "arising under" the decisions of Missouri's appellate courts and the Missouri State legislature, and are not "arising under "any Act of Congress." Thus, each of the previously made arguments regarding jurisdiction pursuant to 28 U.S.C. § 1331 are equally applicable here, and jurisdiction under § 1337 fails for the same reason it fails under § 1331.

WHEREFORE, Plaintiffs Jennifer Bumeter and Eric Meier pray that this Court grant Plaintiffs' Motion to Remand Action to State Court, and for such other and further relief as this Court deems just and equitable under the circumstances.

Respectfully Submitted,

KLAR, IZSAK & STENGER, L.L.C.

By: /s/ Brandon J. Klar
    BRIAN D. KLAR       #36430
    BRANDON J. KLAR   #72884
    RICHARD E. HANSON  #69589
    *Attorneys for Plaintiff*
    1125 Olivette Executive Parkway
    Suite 120
    St. Louis, Missouri, 63132
    Phone: (314) 863-1117
    Fax:   (314) 863-1118
    Email: bklar@lawsaintlouis.com
           bjklar@lawsaintlouis.com
           thanson@lawsaintlouis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of February, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record and sent via electronic mail to the following:

Craig R. Klotz
Marie F. Pudlowski
CHILDRESS ALHEIM CARY LLC
1010 Market Street, Suite 500
St. Louis, Missouri 63101
cklotz@jchildresslaw.com
mpudlowski@jchildresslaw.com
*Attorneys for Defendants*

        /s/Brandon J. Klar