IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
(SPRINGFIELD SOUTHERN DIVISION)

| | |
|---|---|
| JENNIFER BUMETER, | ) |
| | ) |
| and | ) |
| | ) |
| ERIC MEIER, | ) |
| | )  Federal Cause No. 6:23-cv-03015-BCW |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| MACO MANAGEMENT CO., INC., and | ) |
| | ) |
| | ) |
| SUMMERSVILLE ESTATES, L.P. | ) |
| | ) |
| Defendants. | ) |

## THIRD AMENDED COMPLAINT

COME NOW, Plaintiffs, JENNIFER BUMETER and ERIC MEIER (collectively, "Plaintiffs"), by and through the undersigned counsel, and for their claims against Defendant MACO MANAGEMENT CO., INC. and SUMMERSVILLE ESTATES, L.P. (collectively "Defendants"), state as follows:

### INTRODUCTION, PARTIES AND VENUE

1.	Plaintiff Jennifer Bumeter is and was at all times relevant a resident of St. Charles County, Missouri.

2.	Plaintiff Eric Meier is and was at all times relevant a resident of St. Charles County, Missouri.

3.	Plaintiffs are the children and only class (1) beneficiaries of Robin Rose Fischer ("Decedent") pursuant to RSMo §537.080.

Case 6:23-cv-03015-BCW    Document 40    Filed 04/19/23    Page 1 of 14

4. Defendant Maco Management Co., Inc. ("Defendant Maco") is, and was at all times relevant, a professional real estate management company with offices located throughout the State of Missouri.

5. Defendant Maco was at all time material responsible for overseeing and managing several low-income housing complexes in the state of Missouri, including the Summersville Estates, located in Summersville, Missouri ("Summersville Estates"), located in Texas County, Missouri.

6. Defendant Summersville Estates, L.P. ("Defendant Summersville") is, and was at all times relevant, the property owner of Summersville Estates and the principal owner of Defendant Maco.

7. Summersville Estates is a Section 515 rural multi-family housing rental apartment complex owned by Defendant Summersville. Summerville Estates is subsidized by the United States Department of Agriculture (USDA), has entered into a contract with the United States Government and is therefore bound to follow requirements, policies, and procedures set forth in 7 CFR § 3560.

8. Defendant Maco, a wholly owned subsidiary of Summersville, vests all of the supervision duties and responsibilities of Summersville Estates in its property management company Defendant Maco. Defendants have no factual or operational discernable separation as legal entities.

9. Defendant Maco hired and employed Ms. Dawn Sims on a full-time basis. Ms. Sims worked at Summersville Estates in the role of Summersville Estates property manager. Sims had no prior experience as a property manager.

10. Decedent was a tenant of Summersville Estates from July 1, 2016 until her death

on June 27, 2021.

11. Decedent was, at all times relevant herein, disabled and required the ambulatory assistance of a cane or walker.

12. The June 27, 2021 incident which resulted in Decedent's death ("Incident") took place at Summersville Estates and, as such, venue in Texas County, Missouri is not contested.

13. On or about June 27, 2021, Decedent's neighbor at Summersville Estates alerted authorities by placing a 911 call due to the presence of smoke in her own apartment.

14. Members of both Summersville's Police Department and Fire and Rescue Department ("Emergency Departments") arrived at Summersville Estates and extinguished the fire. Post fire inspections were unable to determine the origin of such smoke or the origin of the fire.

15. Incident reports from each of the Emergency Departments make absolutely no mention whatsoever of smoke detectors or any similar alarm being triggered from any apartment at Summersville Estates. One such report states that smoke detectors were present, but their power supply and operation could not be determined.

16. Eventually, officers and fire fighters determined the origin of the fire was within the Decedent's apartment unit but not an exact location within the unit.

17. By the time a rescue could be attempted, Decedent had succumbed to the presence of smoke in her apartment unit.

18. The Texas County coroner determined Decedent's cause of death was carbon monoxide poisoning due to smoke inhalation.

19. Ms. Sims purportedly conducted an inspection of Decedent's apartment on June 15, 2021, (12 days prior to the fire) and she reported that such inspection revealed working smoke

alarms and clean firestops.

20. Neither of the two (2) smoke detectors in Decedent's apartment were in place or in working condition at the time of the Incident.

21. Ms. Sims was aware, or should have been aware, of the facts set forth in paragraph 20 above prior to the Incident had her inspection been properly performed.

22. The fire suppression devices in Decedent's apartment unit, that were provided by the Defendants, which remained in place following the Incident expired in October 2020.

23. Ms. Sims was aware, or should have been aware, of the facts set forth in paragraph 22 above prior to the Incident had her inspection been properly performed.

24. The inspection report conducted on June 15, 2021 (12 days before the fire) contains a forged signature of the Decedent and other defects that devalue its trustworthiness.

25. Decedent leased the apartment on July 1, 2016 from Defendant Summerville Estates. Defendant Maco was the property manager of the Summerville Estates. Dawn Sims was MACO's on site property manager.

26. Summerville Estates is a low-income housing property operating under the auspice of the United States Department of Agriculture. Under the Federal Regulations of the Department of Agriculture The Defendants signed a contract with the United States Government under which the Defendants received low-cost government grants and financing in exchange for building and operating the property under the Agriculture Department's guidelines. Some of these guidelines are contained in 7 CFR § 3560.

27. By entering into the contract with the USDA the Defendants became contractually obligated to comply with 7 CFR § 3560. The Decedent was intended beneficiary of the contract and or was a reasonably foreseeable beneficiary of the contract and the regulations which the

Defendants became obligated to comply with. The regulations are statutory in nature and the Decedent was in the class of persons which the regulation was intended to benefit.

<u>**COUNT I – NEGLIGENCE PER SE**</u>
**Against Defendants Summerville Estates and MACO**

COME NOW Plaintiffs Jennifer Bumeter and Eric Meier, and for their cause of action for Negligence Per Se under state law for failing to comply with 7 CFR § 3560. This is a state law claim which does not involve an area the has been expressly or impliedly preempted. See *Williams v. Bayer Corp.*, 541 S.W.3d 594 (Mo. Ct. App. 2017). The requirements of this CFR were assumed by virtue of contract when the Defendants Summersville and Maco agreed to be bound by contract. Plaintiffs hereby incorporate by reference each of the foregoing paragraphs (1-27) the same as though fully set forth herein.

28. On or about June 27, 2021, Decedent was not provided any warning as to the presence of a fire, and as a result, Decedent did not possess adequate time to extinguish said fire or to manage an escape from her apartment on her own. A properly functioning smoke detector would have provided such an early warning.

29. Defendant Summersville, by and through its contracted for property manager Maco, which acted through Maco's agent, servant, and employee, Ms. Dawn Sims, were all careless and negligent in the following respects, to wit:

   a. Defendants failed to inspect, properly install, and/or maintain operable smoke detectors in Decedent's apartment at Summersville Estates;

   b. Defendant Maco's employee, Ms. Sims, failed to inspect, properly install, and/or maintain operable smoke detectors in Decedent's apartment unit at Summersville Estates in violation of 7 CFR § 3560.103(xx) which provides that low income housing projects, like Summersville Estates, "must have smoke alarms which are

properly located according to local code and which operate properly".

30.     Ms. Sims was, at all relevant times, an employee and agent of Defendant Maco. At all relevant times, Ms. Sims acted within the scope of her employment with Defendant Maco, and her acts and omissions are directly chargeable to her employer, Defendant Maco, under state law concepts of *respondeat superior*.

31.     The Defendants negligent actions as stated above violated 7 CFR § 3560.103(xx).

32.     Decedent is a member of the class of persons intended to be protected by 7 CFR § 3560.103(xx). Decedent was an intended beneficiary of the contract between the Defendants and the USDA, and which Summerville Estates was operated under.

33.     The death of Decedent is an injury of the kind 7 CFR § 3560.103(xx) was designed to prevent.

34.     As a direct and proximate result of Defendants negligence as stated above, Decedent was forced to endure severe pain and suffering, as well as anxiety, mental distress, anguish, and, ultimately, death.

35.     As a further direct and proximate cause of the negligence of Defendants as stated above, Plaintiffs have suffered immense loss in the passing of their mother, including but in no way limited to, loss of her services, consortium, companionship, comfort, guidance, instruction, counsel, and support. Moreover, Decedent's death resulted in Plaintiffs' payment of expenses for her funeral and final disposition, as well as expenses for their own therapeutic treatment.

WHEREFORE, Plaintiffs Jennifer Bumeter and Eric Meier pray for judgment against Defendants Summersville Estates and Maco, for the wrongful death of Robin Rose Fischer, for such sum as is fair and reasonable, in an amount in excess of $25,000.00, together with prejudgment interest and all costs incurred herein, and for any such other relief as this Court

deems just and proper under the circumstances.

**COUNT II – WRONGFUL DEATH**
**Against Defendant Maco ("Negligence")**

COMES NOW Plaintiffs Jennifer Bumeter and Eric Meier, and for their cause of action for wrongful death pursuant to RSMo §537.080 state as follows:

36. Plaintiffs hereby incorporate by this reference each of the foregoing paragraphs 1-35 the same as though fully set forth herein.

37. Plaintiffs are the son and daughter of Decedent and, as such, are the proper parties under Missouri's Wrongful Death Statute to bring this cause of action against Defendant Maco.

38. Defendant Maco, by and through its agent, servant, and employee, Ms. Sims, owed a duty to Decedent to effectuate maintenance and repairs, properly inspect apartment units and generally ensure the safety of Defendant Maco's tenants.

39. Decedent and Defendants entered into a lease agreement for the premises of Apartment D, under which Defendants received income subsidies and rent payments from the Decedent.

40. Defendant Maco, by and through its agent, servant, and employee, Ms. Sims, breached these contractual duties and additionally is guilty of one or more of the following acts of negligence by failing to adhere to the standards of due care, skill and practice ordinarily exercised by a reasonably prudent property manager under the same or similar circumstances, to-wit:

    a. By negligently and carelessly managing a low-income housing complex without proper experience in such field;

    b. By negligently and carelessly performing the duties of property manager at

Summersville Estates;

c. By negligently and carelessly failing to undergo proper training required to maintain and supervise supervision of the Summersville Estates apartments;

d. By negligently and carelessly maintaining improper personal relationships with tenants, and others;

e. By negligently and carelessly failing to adhere to appropriate supervisory measures of its employees;

f. By negligently and carelessly failing to perform inspections of tenant apartment units or by not ensuring those delegated to perform same did so in a reasonably competent manner; and

g. By negligently and carelessly forging inspection reports which purportedly memorialize the performance of job duties by Maco's employee Dawn Sims.

h. By negligently and carelessly allowing smoke detectors, smoke alarms, and/or other fire suppression devices in tenant apartment units, including that of Decedent, to remain inoperable;

i. By negligently and carelessly failing to perform and measure up to the required standards of care required and observed by a reasonably prudent apartment manager under the same or similar circumstances and in further particulars presently unknown to Plaintiffs but which are exceedingly likely to be disclosed upon proper discovery procedures during the course of litigation.

41. Dawn Sims was, at all relevant times, an employee and agent of Defendant Maco. At all relevant times, Ms. Sims acted within the scope of her employment with Defendant Maco, and her acts and omissions are directly chargeable to her employer, Defendant Maco under state

law *respondeat superior* concepts.

42. As a direct and proximate result of Defendant Maco's negligence as stated above, Decedent was forced to endure severe pain and suffering, as well as anxiety, mental distress, anguish, and ultimately death.

43. As a further direct and proximate cause of the negligence of Defendant Maco as stated above, Plaintiffs have suffered immense loss in the passing of their mother, including but in no way limited to, loss her services, consortium, companionship, comfort, guidance, instruction, counsel, and support. Moreover, Decedent's death resulted in Plaintiffs' payment of expenses for her funeral and final disposition, as well as expenses for their own therapeutic treatment.

WHEREFORE, Plaintiffs Jennifer Bumeter and Eric Meier pray for judgment against Defendant Maco, for the wrongful death of Robin Rose Fischer, for such sum as is fair and reasonable, in an amount in excess of $25,000.00, together with prejudgment interest and all costs incurred herein, and for any such other relief as this Court deems just and proper under the circumstances.

### COUNT III – WRONGFUL DEATH
**Against Defendant Summersville Negligence**

COMES NOW Plaintiffs Jennifer Bumeter and Eric Meier, and for their cause of action for wrongful death pursuant to RSMo §537.080 state as follows:

44. Plaintiffs hereby incorporate by this reference each of the foregoing paragraphs 1-43 as though fully set forth herein.

45. Plaintiffs are the son and daughter of Decedent and, as such, are the proper parties under Missouri's Wrongful Death Statute to bring this cause of action against Defendant Summersville.

46. Defendant Maco was, at all relevant times, an agent of Defendant Summersville.

At all relevant times, Defendant Maco acted within the scope of its agency with Defendant Summersville, and its acts and omissions are directly chargeable to its principal, Defendant Summersville under state law pursuant to *respondeat superior*.

47.     As a direct and proximate result of Defendant Maco's negligence as stated above, Decedent was forced to endure severe pain and suffering, as well as anxiety, mental distress, anguish, and ultimately death.

48.     As a further direct and proximate cause of the negligence of Defendant Maco as stated above, Plaintiffs have suffered immense loss in the passing of their mother, including but in no way limited to, loss her services, consortium, companionship, comfort, guidance, instruction, counsel, and support. Moreover, Decedent's death resulted in Plaintiffs' payment of expenses for her funeral and final disposition, as well as expenses for their own therapeutic treatment.

WHEREFORE, Plaintiffs Jennifer Bumeter and Eric Meier pray for judgment against Defendant Summersville, for the wrongful death of Robin Rose Fischer, for such sum as is fair and reasonable, in an amount in excess of $25,000.00, together with prejudgment interest and all costs incurred herein, and for any such other relief as this Court deems just and proper under the circumstances.

### COUNT IV – NEGLIGENT HIRING, TRAINING, SUPERVISION
**Against Defendants Maco and Summersville**

COMES NOW Plaintiffs Jennifer Bumeter and Eric Meier, and, pleading in the alternative to Counts I, II and III, state as follows:

49.     Plaintiffs hereby incorporate by this reference each of the foregoing paragraphs (1-48) the same as though fully set forth herein.

50.     At all relevant times hereto, the Decedent and the Defendants had a landlord-

tenant relationship, and the lease agreement governed the relationship and created rights and duties between the parties.

51. At all times relevant hereto, Defendants Summerville Estates and Maco operated Summerville Estates under a contract with the United States Agriculture Department. This contract required both Defendant Summersville and Defendant Maco to meet and follow certain standards and requirements. As a result, Defendants maintained a contractual duty to operate and maintain Summersville Estates under certain rules and regulations. The Decedent was a third-party beneficiary of this contract. Notwithstanding such contractual duty, the lease agreement between Decedent and Defendants established additional duties for Defendants regarding apartment management.

52. At all times relevant Ms. Sims acted as an employee of Defendants in the roles of property manager and maintenance technician. Her employment duties included, but were in no way limited to:

    a. Collection of rent;

    b. Fulfilment of work orders;

    c. General property walk-throughs and/or inspections;

    d. Inspections of apartments; and

    e. Maintenance of all exterior and interior emergency warning devices, including smoke alarms and fire alarms.

53. At all times relevant to Plaintiffs' claims, Ms. Sims was lax and also amounted to dangerous proclivities which included, a refusal or inability to perform duties and obligations required of her as property manager of Summersville Estates and the reckless performance of the duties and obligations required of her at Summersville Estates—including falsifying documentation related to the performance of her duties and obligations. All of these proclivities

should have been reasonably discovered had the Defendants properly vetted, trained, supervised or managed its property manager Dawn Sims.

54. At all times relevant hereto the Defendants were vicariously liable for the malfeasance and/or misfeasance of Dawn Sims.

55. Defendants knew or should have known by properly vetting Ms. Sims for the position of employment as an Apartment Manager and Maintenance Technician that she was not qualified to act as same. Further, after hiring Ms. Sims they failed to provide proper training or supervision of Ms. Sims, so much so that her conduct during the Decedents total lease period was dangerous, constituted a dangerous proclivity, and placed the residents of Summersville Estates at risk of injury or death.

56. Prior to the Incident, Defendants and Ms. Sims, by and through their employees and agents, committed one or more of the following acts of negligence associated with the dangerous proclivities of Ms. Sims:

    a. Negligently and carelessly failing to supervise or make a reasonable inquiry into Ms. Sims' ability to complete her job duties or her competence to work as a property manager and Maintenance Technician; and/or

    b. Negligently training, supervising and/or otherwise entrusting the management of their low-income housing complex to an inadequately trained, improperly supervised, incompetent, or unfit property manager; and/or

    c. Negligently and carelessly failing to properly train Ms. Sims to perform the duties and tasks required of her; and/or

    d. Negligently and carelessly failing to properly oversee or supervise Ms. Sims in the performance of the duties and tasks required of her.

57. Defendants owed a duty to all tenants of Summersville Estates, including Decedent, to exercise reasonable care to ensure their property manager met and satisfied reasonable property management protocol; or to adequately instruct, train and supervise such property manager in order to reasonably assure he or she would manage Summersville Estates in a non-negligent manner.

58. As a direct and proximate result of the aforesaid negligent and careless acts of Defendants, Ms. Sims was allowed to repeatedly cut corners in the performance of her job duties, including the performance of apartment inspections.

59. As a further direct and proximate result of the aforesaid negligent and careless acts of Defendants, Ms. Sims repeatedly failed to perform her job duties and did not ensure Decedent's apartment was properly equipped with functioning smoke detectors or fire suppression devices— resulting in Decedent's death.

WHEREFORE, Plaintiffs Jennifer Bumeter and Eric Meier pray for judgment against Defendants, jointly and severally, for such sum as is fair and reasonable, in an amount in excess of $25,000.00, together with prejudgment interest and all costs incurred herein, and for any such other relief as this Court deems just and proper under the circumstances.

**[THIS SPACE IS INTENTIONALLY LEFT BLANK]**

Respectfully Submitted,

KLAR, IZSAK & STENGER, L.L.C.

By: /s/ Brandon J. Klar
    Brian D. Klar #36430
    BRANDON J. KLAR, #72884
    RICHARD E. HANSON, #69589
    *Attorneys for Plaintiff*
    1125 Olivette Executive Parkway
    Suite 120
    St. Louis, Missouri, 63132
    Phone: (314) 863-1117
    Fax:    (314) 863-1118
    Email: bdklar@lawsaintlouis.com
           bjklar@lawsaintlouis.com
           thanson@lawsaintlouis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of February, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Brandon J. Klar