**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| JENNIFER BUMETER, et al.,     ) | |
|           ) | |
|     Plaintiffs,     ) | |
|           ) | |
| v.     ) | Case No. 6:23-CV-3015-BCW |
|           ) | |
| MACO MANAGEMENT INC, et al.,     ) | |
|           ) | |
|     Defendants.     ) | |

## ORDER

Before the Court is Plaintiffs Jennifer Bumeter and Eric Meier's motion to remand (Doc. #20). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

Jennifer Bumeter and Eric Meier (hereinafter "Plaintiffs") are the children and only class of beneficiaries to Robin Rose Fischer ("Decedent"). (Doc. #1 at Ex. A). Decedent was a tenant of Defendant Summersville Estates, L.P.'s ("Summersville"); however, due to a fire in her apartment unit, (the "Incident"), Decedent passed away on June 27, 2021. The Texas County, Missouri coroner determined carbon monoxide poisoning was Decedent's cause of death.

Defendant Maco Management, Inc. ("Maco") is a professional real estate management company charged with overseeing Summersville and Dawn Sims ("Sims") is Maco's property manager. On June 15, 2021, Sims represents she conducted an inspection of Decedent's apartment and reported clean firestops and working smoke alarms; however, at the time of the Incident, neither of the two smoke detectors in Decedent's apartment were in place or in working condition. Plaintiffs argue Sims was aware or should have been aware of the issues with the fire suppression devices in Decedent's apartment prior to the Incident.

1

On January 12, 2023, Defendants filed a notice of removal in this Court arguing original jurisdiction exists under 28 U.S.C. § 1331 or in the alternative, under §1337 on the basis of Plaintiffs' negligence per se claims premised on 7 C.F.R. § 3560.103. Subsequently, On January 18, 2023, Defendants filed a motion to dismiss for failure to state a claim. (Doc. #5).

On February 6, 2023, Plaintiffs sought leave to file a third amended complaint (the "Operative Complaint"). (Doc. #17). The Operative Complaint alleges the following claims: Count I, negligence per se against both Defendants; Count II, wrongful death against Maco; Count III, wrongful death against Summersville; and Count IV, negligent hiring, training, and supervision against both Defendants. (Doc. #17 at Ex. 1). On February 7, 2023, Defendants filed a second motion to dismiss for failure to state a claim with respect to the Complaint. (Doc. #18).

On February 7, 2023, Plaintiffs filed the instant motion to remand. (Doc. #20). On February 17, 2023, Defendants filed their opposition (Doc. #24), and on March 3, 2023, Plaintiffs filed their reply in support of the instant motion (Doc. #26).

**LEGAL STANDARD**

A defendant may remove a case to federal court "only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). Original subject matter jurisdiction in federal court is conferred if a claim arises under federal law, or if there is complete diversity of citizenship among plaintiffs and defendants and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331 and 1332.

If, after removal, "it appears that the district court lacks subject matter jurisdiction," a plaintiff may file a motion to remand. In re Prempro Prods., 591 F.3d at 620 (citing 28 U.S.C. § 1447(c)). The party asserting federal jurisdiction and opposing remand "bears the burden of establishing federal jurisdiction by a preponderance of the evidence." Id. In considering a motion

2

to remand, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." Id.

**ANALYSIS**

Plaintiffs argue the instant action should be remanded because federal subject matter jurisdiction does not exist under 28 U.S.C. § 1331 or § 1337. (Doc. #20). As to § 1331, Plaintiffs argue there is no substantial, disputed question of federal law in Count I to confer federal subject matter jurisdiction. Plaintiffs assert Count I remains a state law claim that merely references federal law to establish the standard of care as an element of negligence per se. Additionally, Plaintiffs argue jurisdiction does not exist under § 1337 because their negligence per se claim does not arise under "any Act of Congress" but rather it arises under Missouri common law.

In opposition, Defendants argue federal subject matter jurisdiction exists under § 1331 because Count I raises a substantial federal issue regarding whether 7 C.F.R. § 3560.103 imposes a standard of care that permits liability for noncompliance. (Doc. #24). Alternatively, Defendants argue federal subject matter jurisdiction exists under 28 U.S.C. § 1337 because Count I arises under an act of Congress, the Housing Act, which regulates commerce.

7 C.F.R. 3560.103 is promulgated consistent with the Congressional declaration of national housing policy (the "Housing Policy"). 42 U.S.C. § 1441. The Housing Policy states in relevant part that "[t]he Department of Housing and Urban Development, and any other departments or agencies of the Federal Government having powers, functions, or duties with respect to housing" must exercise their authority "in such manner as will encourage and assist . . . the design, construction, [and] livability . . . ." of dwellings. Id. To that end, 7 C.F.R. 3560.103 sets forth administrative practices relating to the maintenance of housing projects to ensure the housing projects follow local, state, and federal laws for safe and sanitary housing. § 3560.103(3).

3

Relevant here is § 3560.103(xx) which states that "housing project must have smoke alarms which are properly located according to local code and which operate properly."

Count I alleges negligence per se with respect to § 3560.103(xx) based on Sims' failure to inspect, properly install, and/or maintain operable smoke alarms in Decedent's apartment unit. The parties do not dispute that federal subject matter jurisdiction, if any, is conferred solely on the basis of Count I. Therefore, the dispositive issue before the Court is whether Plaintiffs' negligence per se claim based on 7 C.F.R. § 3560.103 confers federal subject matter jurisdiction either under 28 U.S.C. § 1331 or § 1337.

**A. Federal Subject Matter Jurisdiction does not exist under 28 U.S.C. § 1331.**

Plaintiffs first argue this Court should not construe Count I as creating a substantial question of federal law within the meaning of federal question jurisdiction under § 1331. Plaintiffs represent that state courts reference federal regulations to supply the standard of care in negligence actions frequently and this practice does not automatically confer federal subject matter jurisdiction. As such, Plaintiffs argue exercising federal question jurisdiction over the instant action would disrupt the balance of the judicial responsibilities delegated to state and federal courts.

Whether an issue "arises under" the Constitution such that federal question jurisdiction is conferred pursuant to 28 U.S.C. § 1331 is determined by reference to a well-pled complaint. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). In this respect "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." Id. However, there are some instances where, even though state law creates the cause of action, an issue "might still 'arise under' the laws of the United States if a well-ple[d] complaint establishe[s] [that a party's] right to relief

4

under state law requires resolution of a substantial question of federal law[.]" <u>Franchise Tax Bd.</u> <u>of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.</u>, 463 U.S. 1, 13 (1983).

Therefore, if a "state-law claim necessarily raises a stated federal issue, [that is] actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[,]" federal question jurisdiction under § 1331 exists. <u>Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005).

**i.**      **Count I does not raise a substantial federal issue within the meaning of federal question jurisdiction under 28 U.S.C. § 1331**.

Plaintiffs argue Count I does not raise a federal issue; rather, Count I is "a state law claim which does not involve an area the has been expressly or impliedly preempted[,]" and references 7 C.F.R. § 3560.103(xx) as an element of the claim. (Doc. #17 at Ex. 1). Plaintiffs argue § 3560.103 does not create a private right of action; thus, federal law does not supply the basis for their claim. In opposition, Defendants assert a federal issue is necessarily raised on the face of the complaint because Plaintiffs pled the federal regulation "expressly and solely." (Doc. #24). Defendants represent the federal issue raised is whether § 3560.103 supplies a standard of care regarding the property maintenance parameters set forth therein.

Whether Plaintiffs' Count I raises a federal issue depends on whether resolution of a federal issue is necessary to resolve Plaintiffs' negligence per se claim alleged under Missouri law. <u>Gunn v. Minton</u>, 568 U.S. 251, 259 (2013) (federal issue raised in legal malpractice claim where resolution of a federal patent issue was "necessary" to resolve the claim); <u>Wullschleger v. Royal Canin U.S.A., Inc.</u>, 953 F.3d 519, 522 (8th Cir. 2020) (federal issue necessarily raised where plaintiff's prayer for relief involved interpretation and application of federal law).

Before a party can pursue a negligence per se claim, the statute or regulation which supplies the basis of the claim must be a statute or regulation upon which negligence per se can be premised. <u>Lowdermilk v. Vescovo Bldg. & Realty Co.</u>, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (whether a party can proceed on a negligence per se claims depends on legislative intent). In other words, "[t]he primary issue is whether [7 C.F.R. § 3560.103] allows a private cause of action based on negligence per se[.]" <u>Ryno v. Hillman</u>, 641 S.W.3d 385, 391 (Mo. Ct. App. 2022).

The parties do not dispute that 7 C.F.R. § 3560.103 does not create a federal private right of action. (Doc. #18 at 4) (Defendants' motion to dismiss for failure to state a claim arguing Count I should be dismissed because § 3560.103 does not create an express or implied private cause of action). While not dispositive, the fact that § 3560.103 does not create a private cause of action does not weigh in favor of federal subject matter jurisdiction where, as here, Plaintiff represents that violation of § 3560.103 is merely an element of their state law claim. <u>Merrell Dow</u>, 478 U.S. at 817 ("[W]hen Congress has determined that there should be no private, federal cause of action for the violation [of the regulation] . . . alleging a violation of a federal [regulation] as an element of a state cause of action . . . does not state a claim 'arising under the Constitution, laws, or treaties of the United States."); <u>cf.</u> <u>Grable</u>, 545 U.S. at 318 ("<u>Merrell Dow</u> should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires.").

However, the Court finds Count I necessarily raises a federal issue regarding whether 7 C.F.R. § 3560.103 supplies a standard of care. <u>Dibrill v. Normandy Assocs., Inc.</u>, 383 S.W.3d 77, 84 (Mo. Ct. App. 2012) ("When a case based on negligence per se is submitted to the jury, the standard of care is omitted because the statutory violation itself constitutes a breach of the standard of care.") (citations omitted).

But the federal issued raised is not a substantial one within the meaning of federal question jurisdiction under § 1331. <u>Gunn</u>, 568 U.S. at 260 (the substantiality requirement is analyzed with respect to "the federal system as a whole," not as to the parties' immediate dispute). At issue is whether Plaintiffs, under Missouri law, can proceed on their negligence per se claim in reliance on an alleged regulatory violation of § 3560.103. The resolution of the federal issue embedded in that question primarily impacts a litigant's ability to proceed on analogous claims in state court where the relevant state ultimately supplies the elements of the claim. And while the question remains regarding whether § 3560.103 supplies a standard of care, it is not the basis of Count I. <u>Gully v. First Nat. Bank</u>, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.") (citations omitted); <u>Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC</u>, 843 F.3d 325, 333 (8th Cir. 2016) (federal issue not substantial where the "case presents no serious federal interest in claiming the advantages thought to be inherent in a federal forum.") (citations omitted). Therefore, assuming a federal issue is "necessarily raised" and "actually disputed," a "substantial" federal issue within the meaning of <u>Grable</u> is not present in Count I.

### ii. Exercising federal question jurisdiction over Count I would disturb the balance between state and federal judicial responsibilities.

Plaintiffs argue that exercising federal jurisdiction over the instant action would disrupt the balance between state and federal judicial responsibilities. Plaintiffs assert Count I is similar to the negligence claims at issue in <u>West v. A & S Helicopters</u> where the court found federal question jurisdiction did not exist because the case was "a negligence action that references federal law to establish the standard of care, but the focus of the dispute will be on whether there are sufficient facts to show that the standard of care has been violated, like the run of the mill tort cases that are traditionally heard in state courts." 751 F. Supp. 2d 1104, 1108 (W.D. Mo. Nov.

7

15, 2010). In opposition, Defendants readily admit that improper maintenance claims, such as the one presented in Count I, are typical of landlord-tenant matters that are usually the provenance of the states. However, Defendants argue that without this Court's determination regarding whether 7 C.F.R. § 3560.103 imposes a standard of care to be adhered to, inconsistent interpretations of the regulation will emerge and creating a negative impact on the federal Housing program

"[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Grable, 545 U.S. at 314. Where a state has an elevated interest or a special responsibility with respect to the claim at issue, exercising federal question jurisdiction may disrupt the balance between state and federal judicial responsibilities. Gunn, 568 U.S. at 264.

Here, the facts giving rise to Count I stem from the landlord-tenant relationship between Decedent and Summersville; however "the landlord-tenant relationship . . . is the particular domain of state law[,]" thus Missouri has a particular interest in adjudicating the claim. Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs., 141 S. Ct. 2485, 2489 (2021). Further, Defendants overstate the federal interest in interpreting whether 7 C.F.R. § 3560.103 establishes a standard of care since Defendants' "concern about the uniformity of interpretation . . . is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of actions," a federal issue embedded in a state cause of action may still ultimately be subject to federal review. Merrell Dow, 478 U.S. at 815; Franchise Tax Bd., 463 U.S. at 12 n. 12 (absence of original jurisdiction does not preclude review of a federal issue in a state cause of action by the Supreme Court).

Like in <u>West</u>, the thrust of Count I is the factual scenario giving rise to the claim and whether those facts demonstrate a violation of § 3560.103. Thus, to extend federal question jurisdiction on the basis of what is otherwise a typical, state law claim would be to "'move a whole category of suits to federal court' and upset the state-federal line drawn by Congress." <u>West</u>, 751 F. Supp. 2d at 1108 (citing <u>Bennett v. Sw. Airlines Co.</u>, 484 F.3d 907, 911 (7th Cir. 2007)). Therefore, Defendants' argument is denied, and § 1331 does not confer federal subject matter jurisdiction over the instant action.

**B. Federal subject matter jurisdiction does not exist under 28 U.S.C. § 1337**.

Plaintiffs argue that federal subject matter jurisdiction under 28 U.S.C. § 1337 does not exist because Plaintiffs claim arises under Missouri common law and not "any Act of congress." In opposition, Defendants argue jurisdiction is proper under § 1337 because 7 C.F.R. § 3560.103 sets forth administrative practices pertaining to the Housing Act—an act of Congress that regulates commerce

Federal subject matter jurisdiction may originate with a district court as to "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies[.]" 28 U.S.C. § 1337. Like federal question jurisdiction under § 1331, jurisdiction under § 1337 "must appear from well-pleaded facts in the complaint, standing alone and unaided." <u>Springfield Television, Inc. v. City of Springfield, Mo.</u>, 428 F.2d 1375, 1378 (8th Cir. 1970).

"The phrase 'arising under' is not a simple and precise guide . . . [but] interpretation of the virtually identical language in 28 U.S.C. § 1331(a), governing general Federal question jurisdiction, is persuasive [in interpreting § 1337]." <u>Id.</u> And while "[f]ormulation of a general test for determining when an action 'arises under' federal law has eluded the courts for more than a

9

century . . . the most basic [pre-requisite is] that a right created by federal law must be an essential element of plaintiff's cause of action[.]" First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank, 627 F.2d 843, 849 (8th Cir. 1980).

Even assuming § 3560.103's relationship to the Housing Act comes within the meaning of an act of Congress regulating commerce, the exercise of federal jurisdiction is not proper under 28 U.S.C. § 1337. Here, applying analogous "arising under" principles from § 1331, Count I does not "arise under" under an act of Congress, rather, Plaintiffs Count I is a traditional common law claim brought pursuant to Missouri negligence per se law. Pan Am. Petroleum Corp. v. Superior Ct. of Del. In & For New Castle Cnty., 366 U.S. 656, 663 (1961) (claim did not arise under act of Congress where the rights asserted where traditional common law claims); Kennedy v. Com. Bank, No. 4:12CV329 RWS, 2012 WL 639014, at *2 (E.D. Mo. Feb. 27, 2012) ("[M]ere reference to a set of federal regulations in a state-law claim is not sufficient to create federal question jurisdiction."). Therefore, as with 28 U.S.C. § 1331, Count I is not sufficient to confer jurisdiction under § 1337. Accordingly, it is hereby

ORDERED Plaintiffs' motion to remand (Doc. #20) is GRANTED. It is further

ORDERED the Clerk of the Court is directed to take all necessary steps to remand this matter to the Circuit Court of Texas County, Missouri.

IT IS SO ORDERED.

DATED: April 20, 2023

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

10